**AKERMAN LLP**
CAROLINE H. MANKEY (SBN 187302)
*caroline.mankey@akerman.com*
CHRISTOPHER N. MCANDREW (SBN 324759)
*chris.mcandrew@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
T.W. GARNER FOOD CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T.W. GARNER FOOD CO., a North Carolina corporation,<br><br>Defendant. | Case No. 2:22-cv-06503 -MEMF (SKx)<br><br>The Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT T.W. GARNER FOOD CO.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        January 19, 2023<br>Time:        10:00 a.m.<br>Courtroom: 8B |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 19, 2023, at 10:00 a.m. or as soon thereafter as this matter nay be heard before the Honorable Maame Ewusi-Mensah Frimpong in Courtroom 8B in the United States District Court for the Central District of California, located at 350 W First Street, 8th Floor, Los Angeles, CA 90012, Defendant T.W. Garner Food Co. will and hereby does move the Court for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing the action. This motion will be based upon this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Christopher McAndrew, the Complaint in this action, and any additional evidence or argument presented at or before the hearing on this matter. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 3, 2022, as set forth in the Declaration of Christopher McAndrew.

Defendant respectfully requests that this Court issue an order dismissing all causes of action alleged in Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and dismissing all of Plaintiff's claims for injunctive relief due to lack of subject matter jurisdiction.

DATED: November 10, 2022          **AKERMAN LLP**

By: */s/ Caroline H. Mankey*
    Caroline H. Mankey
    Christopher N. McAndrew
    Attorneys for Defendant
    T.W. GARNER FOOD CO.

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

AKERMAN LLP
601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

I.  INTRODUCTION...........................................................................................1

II.  FACTUAL BACKGROUND ........................................................................3

III.  LEGAL STANDARD ....................................................................................4

IV.  ARGUMENT .................................................................................................5

    A.  Plaintiff's Complaint Should Be Dismissed as Plaintiff Has Failed to Allege Any Violation of California's Consumer Protection Statutes ..........................................................................5

        1.  A Reasonable Consumer Would Not Be Misled by the Product's Label ....................................................................6

        2.  The Product's Back Label Expressly States the Product's Origin .............................................................13

    B.  Plaintiff's Complaint Should Be Dismissed for Failure to Satisfy Rule 9(b)'s Heightened Pleading Requirements...............15

    C.  Plaintiff's Claim for Breach of Warranty Should Also Be Dismissed...................................................................................17

        1.  Plaintiff Cannot Credibly Identify Any Promises or Affirmations of Fact on the Product's Label ......................17

        2.  Plaintiff Lacks Any Privity with Garner Foods ................19

    D.  Plaintiff's Unjust Enrichment Claim is Legally Insufficient ........20

    E.  Plaintiff Lacks Standing to Seek Injunctive Relief ......................21

V.  CONCLUSION .............................................................................................23

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*i*

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aloudi v. Intramedic Research Grp., LLC,*
2015 WL 4148381 (N.D. Cal. July 9, 2015) ..........................................................5

*Animal Legal Def. Fund v. HVFG LLC,*
939 F. Supp. 2d 992 (N.D. Cal. 2013) ..................................................................5

*Asghari v. Volkswagen Grp. of Am., Inc.,*
42 F. Supp. 3d 1306 (C.D. Cal. 2013) ................................................................17

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................4, 5, 12

*Bates v. United Parcel Serv., Inc.,*
511 F.3d 974 (9th Cir. 2007) ............................................................................22

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ..........................................................................................4

*Bober v. Glaxo Wellcome PLC,*
246 F.3d 934 (7th Cir. 2001) ............................................................................12

*Brady v. Bayer Corp.,*
26 Cal. App. 5th 1156 (2018) ............................................................................13

*Burr v. Sherwin Williams Co.,*
268 P.2d 1041 (Cal. 1954) ................................................................................20

*Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
637 F.3d 1047 (9th Cir. 2011) ............................................................................5

*Clemens v. DaimlerChrysler Corp.,*
534 F.3d 1017 (9th Cir. 2008) ......................................................................19, 20

*Dumas v. Diageo PLC,*
2016 WL 1367511 (S.D. Cal. Apr. 6, 2016) ..........................................................6

*Ebner v. Fresh, Inc.,*
838 F.3d 958 (9th Cir. 2016) ....................................................................passim

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

*ii*

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

66850306;5

*Eidmann v. Walgreen Co.*,
   522 F. Supp. 3d 634 (N.D. Cal. 2021) .................................................................. 6

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) ............................................................................... 6

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
   2014 WL 2451290 (N.D. Cal. June 2, 2014) ....................................................... 22

*Govea v. Gruma Corp.*,
   2021 WL 1557748 (C.D. Cal. Mar. 1, 2021) ......................................... 9, 11, 12

*Grivas v. Metagenics, Inc.*,
   No. SACV 15-01838-CJC, 2018 WL 6185977 (C.D. Cal. Jan. 4, 2018) .......... 16

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................ 17, 18, 19

*Ham v. Hain Celestial Grp., Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) ............................................................... 22

*Hendricks v. StarKist Co.*,
   30 F. Supp. 3d 917 (N.D. Cal. 2014) ................................................................ 19

*Hodgers–Durgin v. de la Vina*,
   199 F.3d 1037 (9th Cir. 1999) ........................................................................... 22

*In re Facebook PPC Advert. Litig.*,
   709 F. Supp. 2d 762 (N.D. Cal. 2010) ......................................................... 20, 21

*Ivie v. Kraft Foods Glob., Inc.*,
   2015 WL 183910 (N.D. Cal. Jan. 14, 2015) ....................................................... 21

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................... 4, 5, 15

*Lanovaz v. Twinings N. Am., Inc.*,
   2014 WL 46822 (N.D. Cal. Jan. 6, 2014) .......................................................... 22

*Lanovaz v. Twinings N. Am., Inc.*,
   2015 WL 3627015 (N.D. Cal. June 10, 2015) .................................................... 21

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*iii*

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003)................................................................6, 7

*Lectrodryer v. SeoulBank*,
77 Cal. App. 4th 723 (2000)...................................................................20

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)..................................................................................5

*Matthew Sinatro, et al. v. Barilla America, Inc.*,
2022 WL 10128276 (N.D. Cal. Oct. 17, 2022)...........................22, 23

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) ...........................................................12, 13

*Mosqueda v. Am. Honda Motor Co.*,
443 F. Supp. 3d 1115 (C.D. Cal. 2020)..................................................20

*Nelson v. MillerCoors, LLC*,
246 F. Supp. 3d 666 (E.D.N.Y. 2017)...............................................13, 14

*Pelayo v. Hyundai Motor Am., Inc.*,
2022 WL 2200414 (C.D. Cal. Mar. 2, 2022) .....................................19

*Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*,
653 F.3d 241 (3d Cir. 2011) .................................................................14

*Rodarte v. Philip Morris, Inc.*,
2003 WL 23341208 (C.D. Cal. June 23, 2003).................................17

*Samet v. Procter & Gamble Co.*,
2013 WL 6491143 (N.D. Cal. Dec. 10, 2013) ..................................15

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ...............................................................21

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...........................................................12, 14

*Steinberg v. Icelandic Provisions, Inc.*,
2022 WL 220641 (N.D. Cal. Jan. 25, 2022)...............................passim

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n*,
  651 F.2d 311 (5th Cir. 1981) ...................................................................... 10

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
  992 F. Supp. 2d 962 (C.D. Cal. 2014) ....................................................... 19

*Viggiano v. Johnson & Johnson*,
  2015 WL 12860480 (C.D. Cal. June 12, 2015) ......................................... 20

*Warren v. Fox Fam. Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ...................................................................... 5

*Water, Inc. v. Everpure, Inc.*,
  2011 WL 13176096 (C.D. Cal. Aug. 23, 2011) ......................................... 5

*Williams v. Apple, Inc.*,
  449 F. Supp. 3d 892 (N.D. Cal. 2020) ....................................................... 15

*Williams v. Beechnut Nutrition Corp.*,
  185 Cal. App. 3d 135 (1986) ...................................................................... 17

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ........................................................................ 6

**Statutes**

3 Callmann, Law .......................................................................................... 10

Cal. Bus. & Prof. Code § 17200 ............................................................ 5, 6

Cal. Bus. & Prof. Code § 17500 ............................................................ 5, 6

Cal. Civ. Code § 1770 ............................................................................. 5, 6

Cal. Com. Code § 2314(2) .......................................................................... 17

California's Consumer Legal Remedies Act ..................................... passim

California's False Advertising Law  .................................................. passim

California's Unfair Competition Law  ............................................... passim

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*v*

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

1

**Rules**

Fed. R. Civ. P. 9(b) ...................................................................................4, 5, 15, 16

Fed. R. Civ. P. 12(b)(1) ...........................................................................................5

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 4, 12

L.R. 7-3 .......................................................................................................................i

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

T.W. Garner Food, Co. ("Garner Foods") has been in business for nearly a century. In this time, Garner Foods has produced some of the country's favorite food products. For example, Garner Foods' Texas Pete® brand has become one of the most popular brands of sauces, seasonings, salsas and condiments, including its Original Hot Sauce. Beyond the Original Hot Sauce, Garner Foods manufactures various Texas Pete® products, such as Original Dust Dry Seasoning and Eastern Carolina BBQ Sauce. The Texas Pete® labeling and logo for its products are iconic, featuring the Texas Pete® brand name at the top of the label, and includes a single white star, sometimes a bushel of peppers and the Texas Pete® cowboy caricature swinging a lasso. When consumers see this logo, they know they are getting one of the best sauces around. The Texas Pete® Original Hot Sauce dates back to its founding days and has always been made in North Carolina, as the rear labels on the bottles of hot sauce indicate, and as stated prominently on Garner Foods' website.

In the present lawsuit, Plaintiff Philip White ("Plaintiff") contends that he purchased a bottle of Texas Pete® hot sauce for approximately $3.00 because he thought it originated from Texas, but that he would have paid "significantly less" had he known that it was not a product from Texas. Plaintiff alleges on behalf of a purported class that a significant portion of the consuming public is being misled into believing that they are purchasing a Texas product when they purchase a bottle of Garner Foods' hot sauce.

Based on these allegations, Plaintiff has alleged claims of: (1) violations of California's Unfair Competition Law ("UCL"), (2) violations of California's False Advertising Law ("FAL"), (3) violations of California's Consumer Legal Remedies Act ("CLRA"), (4) breach of warranty, and (5) unjust enrichment. Based on Plaintiff's own

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

66850306;5

allegations in the Complaint, each and every one of these claims is fatally deficient and should be dismissed without leave to amend.

The mere use of Texas Pete® as a brand name and imagery of a single white star and a cowboy caricature would not mislead a reasonable consumer to believe that the hot sauce is made in Texas. The Texas Pete® brand name and trademark identifies the Garner Foods' brand of condiment, seasoning, hot sauces, and BBQ sauce, not the location of manufacturing. The use of a single white star and a cowboy caricature on the product labels do not in any way represent that the product is made in Texas or uses ingredients from Texas. The product labels make no such representation, either expressly or impliedly. Plaintiff's incorrect assumption does not mean that a significant portion of the consuming public would make the same incorrect assumption.

Most importantly, the Texas Pete® bottle of hot sauce specifically provides consumers with the location of manufacturing, North Carolina, on the back label. In the absence of any express or implied misrepresentations as to the source of the product on the front label, the disclosure of the geographic source of the product on the back label defeats Plaintiff's claims of alleged violations of the UCL, FAL and CLRA. Moreover, Plaintiff's own allegations regarding the content of the product's labels, and specifically the lack of any misleading content on them, establish that the deficiencies in the Complaint cannot be cured and amendment of these claims would be futile.

Plaintiff's other claims for relief similarly fail for lack of critical elements. For example, Plaintiff's claim for breach of warranty fails because he has not alleged any affirmation of fact or promise by Garner Foods or his alleged reliance thereon. Plaintiff's unjust enrichment claim fails because he has an adequate remedy at law and because the claim is duplicative of his statutory claims. Plaintiff's request for injunctive relief fatally lacks any threat of future harm, given that Plaintiff now knows that Texas Pete® Original hot sauce is made in North Carolina.

2
DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

For these reasons and all of the other reasons set forth herein, Garner Foods respectfully requests that the Court grant this Motion and dismiss Plaintiff's entire complaint, and each claim for relief, without leave to amend.

## II.    FACTUAL BACKGROUND

Garner Foods manufactures and distributes various sauces and seasonings, including hot sauces, under the brand name Texas Pete®. Complaint, ¶¶ 3, 15, 21, 39. Garner Foods has been producing and selling Texas Pete® hot sauces for nearly a century, during which time the Texas Pete® brand of hot sauces has become one of the most popular hot sauce brands among consumers. *Id*. at ¶¶ 30, 47. Among them is the Texas Pete® Original Hot Sauce (the "Product"). The Product is bottled in a glass container that includes a label which displays the Texas Pete® brand name (including a registered trademark symbol) in red and white text, as well as text stating "Original Hot Sauce." *Id*. at ¶¶ 7, 39, 41. Additionally, the Product's label includes images of a single white star, a bushel of peppers, and a Texas Pete® cowboy caricature swinging a lasso around his body. *Id*. at ¶¶ 7, 40-41. The back label of the Product clearly states the location of its source as Winston-Salem, North Carolina. *Id*. at ¶ 59. Nowhere on any of the Product's labels does it state or represent that the Product is made in Texas or is a "product of" Texas. *Id*. at ¶¶ 7, 39, 40-41, 59.

In or around September 2021, Plaintiff allegedly purchased the Product at a grocery store in Los Angeles, California, for approximately $3.00. Complaint, ¶ 20. Despite the Product's explicit statement of origin on its label, Plaintiff assumed that the Product was from Texas. *Id*. Plaintiff alleges that he would not have purchased the Product or would have paid "substantially less" than the $3.00 he spent had he known that the Product was not manufactured in Texas. *Id*.

Plaintiff filed his Complaint in the Central District of California on September 12, 2022. Dkt. 1. The Complaint alleges that, through its product labeling and

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

3

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

advertising campaigns, Garner Foods purposefully misleads consumers into believing that the Product is manufactured in Texas using Texas ingredients. Complaint, ¶ 38. Plaintiff specifically alleges that a reasonable consumer would view the Texas Pete® brand name, along with the images of the single white star and cowboy caricature, and conclude that the Product was manufactured in Texas with ingredients sourced from Texas. *Id.* at ¶¶ 38-42. Plaintiff concedes in the Complaint that Garner Foods' website discloses that the Product is "made in North Carolina." *Id.* at ¶ 48.

### III.   LEGAL STANDARD

To state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege facts that "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. (quotation marks and citation omitted).

Additionally, pursuant to Fed. R. Civ. P. 9(b), a plaintiff who alleges fraud "must state with particularity" the "circumstances" constituting their claim. The allegations in the complaint must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation marks and citation omitted). "'The who, what, when, where, and how

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

of the misconduct' must be alleged and any allegations that do not meet this standard must be disregarded." *Water, Inc. v. Everpure, Inc.*, 2011 WL 13176096, at *2 (C.D. Cal. Aug. 23, 2011) (quoting *Kearns*, 567 F.3d at 1124). "Allegations of fraud must meet both Rule 9(b)'s particularity requirement and *Iqbal*'s plausibility standard." *Aloudi v. Intramedic Research Grp., LLC*, 2015 WL 4148381, at *3 (N.D. Cal. July 9, 2015) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

Rule 12(b)(1) authorizes dismissal for lack of standing. *See Animal Legal Def. Fund v. HVFG LLC*, 939 F. Supp. 2d 992, 997 (N.D. Cal. 2013). In order to successfully demonstrate standing, a plaintiff must show: (1) an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical, (2) a causal connection between the injury and the conduct complained of, and (3) it must be likely (as opposed to merely speculative) that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

## IV.   ARGUMENT

### A.   **Plaintiff's Complaint Should Be Dismissed as Plaintiff Has Failed to Allege Any Violation of California's Consumer Protection Statutes**

Dismissal of Plaintiff's UCL, CLRA, and FAL claims is warranted because Plaintiff has failed to allege any plausible violations of these statutes. "The UCL, CLRA, and FAL, under which Plaintiff's deceptive labeling claims are brought, all prohibit unlawful, unfair, or fraudulent business practices." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citing Cal. Bus. & Prof. Code §§ 17200, 17500; Cal. Civ. Code § 1770). California's UCL prohibits any "unlawful, unfair or fraudulent business

act or practice." Cal. Bus. & Prof. Code  § 17200. California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) Cal. Bus. & Prof. Code § 17500). California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

"Under the UCL, FAL, and CLRA, California consumer protection statutes, the applicable standard for determining whether representations are deceptive is the reasonable consumer standard." *Dumas v. Diageo PLC*, 2016 WL 1367511, at *2 (S.D. Cal. Apr. 6, 2016). "Because all three statutes require a showing that the challenged conduct 'is likely to deceive a 'reasonable consumer' courts 'tend to analyze the three statutes together.'" *Steinberg v. Icelandic Provisions, Inc.*, 2022 WL 220641, at *3 (N.D. Cal. Jan. 25, 2022) (citing *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 643 (N.D. Cal. 2021)).

A court can grant a motion to dismiss relating to the consumer statutes where it "can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging." *Williams*, 552 F.3d at 939.

    1.    A Reasonable Consumer Would Not Be Misled by the Product's Label

Plaintiff cannot establish that a reasonable consumer would be misled or deceived by the Product's label. Under the reasonable consumer test, Plaintiff must "show that members of the public are likely to be deceived." *Williams*, 552 F.3d at 938 (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). This "requires more than a mere possibility that [Defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.' " *Ebner*, 838 F.3d at 965 (citing *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003)). "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances,

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

could be misled.'" *Id*. (citing *Lavie*, 105 Cal. App. 4th at 508).

Nothing on the Product's packaging or labeling misrepresents any facts as to origin. Plaintiff's sole allegation of false and deceptive acts (which provides the basis of each of his claims) is that the use of the Texas Pete® brand name, as well as the inclusion of a white star, peppers, and cowboy caricature, on the Product misleads consumers into believing that the Product is from Texas and manufactured using Texas ingredients. Complaint, ¶ 38-42. These allegations do not satisfy the reasonable consumer standard.

A reasonable consumer viewing the Product's label is fully capable of understanding that the Texas Pete® brand name is just that – a brand name. The Product itself includes a registered trademark symbol next to the Texas Pete® branding. This widely-known symbol indicates to consumers that the Texas Pete® labeling refers to the brand name of the Product, as opposed to a place of origin or description of the product. Further, despite Plaintiff's arguments that the Product is misleading to consumers as it is a "Texas hot sauce", Texas Pete® is not simply hot sauce. Garner Foods manufactures products such as Texas Pete® Eastern Carolina BBQ Sauce, Texas Pete® Mexican Style Hot Sauce, and even Texas Pete® Wing Sauce. Given the wide consumer demand for Texas Pete® products, as admitted by Plaintiff, reasonable consumers understand that Texas Pete® is a brand name and not a reference to the location of manufacturing.

Additionally, the back label reveals that the geographic source of the Product is North Carolina. Plaintiff readily admits that Garner Foods has been manufacturing the Product for nearly a century, that the Product is "well-known", that Texas Pete® is one of the most popular hot sauces on the market, and that Garner Foods' website prominently states that the product is made in North Carolina. Complaint, ¶¶ 30, 47 & 48. The Product does not include any false language of origin surrounding the brand

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

name, such as "Made in Texas" or "Product of Texas." The brand name Texas Pete® refers to a fictional character created by Garner Foods in 1929– not the manufacturing location. Complaint, ¶48.

The mere fact that the brand name Texas Pete® contains a reference to Texas does not create a presumption that reasonable consumers would be misled into believing that the product was manufactured in the State of Texas. Indeed, there exists a coastal town of Texas, North Carolina, where consumers could conclude that the Product is made. Moreover, courts have routinely dismissed UCL, CLRA, and FAL claims that were based in large part on the existence of a geographic location in the brand name. For example, in *Steinberg v. Icelandic Provisions, Inc.*, a Northern District court dismissed UCL, CLRA, and FAL claims relating to the packaging of a dairy product. *Steinberg v. Icelandic Provisions, Inc.*, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022). Specifically, the defendant manufactured a cultured dairy product called "skyr." *Id*. at *1. The product's packaging featured the brand name "Icelandic Provisions," along with text that read "Traditional Icelandic Skyr" and included imagery of a countryside with a snow-covered backdrop. *Id*. Plaintiff argued that, given that the brand name referenced "Icelandic" and the product included Icelandic imagery, reasonable consumers would be misled into believing that the product was manufactured in Iceland, instead of New York. *Id*. at *1-2. Rejecting plaintiff's arguments, the court found that the packaging was not misleading. *Id*. at 4-6. Instead, the court held that "the brand name 'Icelandic Provisions' is not specific as to the place of production." *Id*. at *4. Additionally, the court held that the imagery on the packaging, even when combined with the brand name, did not rise to the level of misrepresentation and would not mislead a reasonable consumer. *Id*. at 6.

In *Maeda v. Kennedy Endeavors*, Inc. 407 F. Supp. 3d 953, 971–73 (D. Haw. 2019), the defendant's packaging for its potato chips and onion ring snacks included the

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

8

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

word "HAWAIIAN" at the top of the packaging and descriptions such as "LUAU BARBEQUE RINGS" and "SWEET MAUI ONION RINGS" for some of its products. *Maeda,* 407 F. Supp. 3d at 970. All of the defendant's product packaging included "a variety of imagery associated with Hawai'i, such as hula dancers, canoes, beaches, palm trees, and volcanoes." *Id.* The court stated that "a reasonable consumer would not be misled into believing that the Hawaiian Snacks originate from Hawai'i due to the mere inclusion of the word 'Hawaiian' plus Hawai'i-related imagery on the snacks' packaging." *Id.* Rejecting the plaintiff's arguments to the contrary, the court emphatically held that "the word 'Hawaiian,' even when accompanied by the subject images, does not represent that the Hawaiian Snacks are from Hawai'i." *Id.* at 973; *see also Govea v. Gruma Corp.*, 2021 WL 1557748, at *5 (C.D. Cal. Mar. 1, 2021) (dismissing CLRA, FAL, and UCL claims even where defendant's tortillas' labeling included the phrase "a piece of Mexico" because "the Packaging here makes no claim that the Tortillas are 'born in' or 'originated in' Mexico").

Plaintiff here also alleges deception based on the inclusion of a white star and cowboy caricature on the Product. Complaint, ¶40-42. Not so.  Instead, the facts here are akin to those in *Maeda*, where the court dismissed the plaintiff's consumer protection claims, concluding that potato chip bags labelled as "Hawaiian" and featuring "Hawaiian trade dress and imagery" would not mislead reasonable consumers into believing the snacks were made in Hawaii, as opposed to Washington as indicated on the product's label. Similarly here, the display of a mere two images – a cowboy and a white star – even with a brand name containing the word Texas does not cause a reasonable consumer to believe that the Product was manufactured in Texas. The state of Texas does not have a monopoly on the image of a single white star or the depiction of a cowboy.

The history of the "cowboy" does not exclusively relate to the state of Texas.  By

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

way of example, Wyoming is known as the "Cowboy State" and a cowboy is the mascot for Oklahoma State University.  Moreover, the concept of a cowboy is used all over product branding and throughout the entertainment industry in a variety of contexts and representing different geographic locations or no geographic locations at all.  For example, the "Marlboro man" was not associated with any particular State.  The popular movie *Three Amigos!*, a comedy about three cowboy movie stars who are mistaken for the real thing, was set in Mexico, while the popular movie *City Slickers* is about three urbanites who go on a cattle drive from New Mexico to Colorado.

Similarly, a white star is a common and generic icon used in numerous contexts. *E.g., Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n*, 651 F.2d 311, 317 (5th Cir. 1981) ("such marks as a star or the sun in word or picture are of such long standing in the business world and have been used in so many lines of business that neither can be considered the exclusive mark of one manufacturer or tradesman so as to deny its use by others") (*quoting* 3 Callmann, Law of Trademarks § 82.1(1) at 765-66).  Thus, the mere use of a star does not signify an association with a singular geographic location. In fact, despite the fact that Plaintiff argues that the inclusion of a white star implies that the Product is from Texas, the state flag of North Carolina (the manufacturing location of the Product) also prominently features a single white star. In sum, just as in *Maeda*, a reasonable consumer would not view the single white star or the cowboy caricature and believe that the Product is manufactured in Texas.

Further, the Product does not contain any geographic indicators that would mislead a reasonable consumer. In contrast to the present case, the court in *Broomfield v. Craft Brew Alliance, Inc.* found that the defendant's product label included specific geographic indicators that were likely to mislead reasonable consumers. 2017 WL 3838453, at *7 (N.D. Cal. Sept. 1, 2017). The defendant's beer, which was manufactured and bottled in Oregon, Washington, New Hampshire, and Tennessee

10

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

featured a number of geographic indicators that implied that the product was from Hawaii. *Id*. at *1-2. Specifically, the product label included a map of Hawaii which marked the location of the defendant's brewery on the Big Island, a statement that read "We invite you to visit our brewery and pubs whenever you are in Hawaii," an image of the chain of islands in Hawaii, a Hawaii address, and a number of different phrases often associated with Hawaii. *Id*. The court focused on the map of Hawaii indicating the defendant's brewery location and statement of "come visit," holding that "they do more than evoke the 'spirit' of Hawaii or indicate that the beer is 'Hawaiian-style.'" *Id*. at 7. The court explained that these "statements and images amount to specific and measurable representations that could deceive consumers into believing that they were purchasing beer made in Kona, Hawaii, at the specific brewery location listed and depicted on the package." *Id*. Notably, the court also stated that if the complaint had solely alleged "pictures of surfboards and the vague phrase 'Liquid Aloha' on the beer packaging, the case would end there" because the mere referencing of Hawaii and its culture was "not enough on its own to confuse a reasonable consumer regarding the origin of the beer."  2017 WL 3838453, at *6.

Unlike in *Broomfield*, the Product label here does not feature any geographic indicators. Rather, the Product label is more analogous to the label in *Govea, supra*, in which the court expressly distinguished *Broomfield*, observing that "the Packaging here names no specific address, city, or location in Mexico where the Tortillas are purportedly baked and does not invite consumers to visit Defendant's bakery in this location."  *Govea*, 2021 WL 1557748, at *5.  The *Govea* court also noted that the statement "un pedacito de Mexico" (a piece of Mexico) was a vague and meaningless phrase intended to evoke the spirit or feeling of Mexico and, as noted above, the packaging made no claim that the defendant's tortillas were "born in" or "originated in" Mexico. *Id*. at *5. Thus, "viewing the Packaging as a whole, it is simply not plausible

11

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

that 'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* (quoting *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020)). Under these authorities, Plaintiff's allegations do not rise to the level of "a plausible conclusion," and his Complaint should be dismissed as to his UCL, FAL, and CLRA claims. *Iqbal*, 556 U.S. at 682.

Plaintiff's allegations as to alleged consumer reactions to learning that the Product was not from Texas are nothing more than speculation and hearsay and do not support the claims in any legitimate or reliable manner. For example, Plaintiff cites to an alleged TikTok post. Complaint, ¶ 51. However, lacking any indications of the authenticity of the post, the veracity of the alleged post, whether the alleged post was intended as sarcasm or humor, or whether the alleged TikTok user represents a "reasonable consumer," these allegations are nothing more than speculation and conclusions that need not be taken by the Court as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

In addition, the Complaint includes a number of allegations relating to Garner Foods' website. *See, e.g.,* Complaint, ¶¶ 44, 47-49. However, as Plaintiff acknowledges, Garner Foods' website prominently states that the product is made in North Carolina. *Id.*, ¶ 48. Therefore, it is clear that Garner Foods is not engaged in any website marketing or advertising campaign in an effort to mislead consumers. *See Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 939 (7th Cir. 2001) (affirming dismissal of plaintiff's claim, that defendants misleadingly marketed two products as having different medicine, because defendants' website "expressly states" that the products contain the same medicine).

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

12

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

As the Product does not contain any plausible misrepresentations that would mislead reasonable consumers, Plaintiff fails to allege actionable claims for UCL, FAL, and CLRA and these claims should be dismissed.

### 2.    The Product's Back Label Expressly States the Product's Origin

Given that there are no misrepresentations on the Product's front label for the reasons discussed above, the back label's explicit statement of origin completely defeats Plaintiff's UCL, FAL, and CLRA claims. "[Q]ualifiers in packaging, usually on the back of a label or in ingredient lists, 'can ameliorate any tendency of the label to mislead.'" *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (quoting *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167 (2018)). "The Ninth Circuit has held that where 'there is no deceptive act to be dispelled,' *e.g.*, where the correcting statement on the label 'does not contradict other representations or inferences on the packaging' and where 'there are no other words, pictures, or diagrams adorning the packaging…, from which *any* inference could be drawn or on which *any* reasonable belief could be based,' a reasonable consumer can be expected to look at other parts of the label." *Steinberg v. Icelandic Provisions, supra*, 2022 WL 220641, at *7 (*quoting Ebner*, 838 F.3d at 966) (emphases in original).

As Plaintiff concedes, the Product's back label explicitly discloses its North Carolina origin. Complaint, ¶ 59. This unambiguous statement fully informs consumers of the Product's origin so that they are not misled into believing the Product is from Texas (or anywhere else). Such a disclosure is fatal to Plaintiff's claims. In *Steinberg*, the court found that, despite the brand name "Icelandic Provisions" and accompanying images on the product's front label, the defendant's explicit disclosure of the place of manufacture on the back label was fatal to any alleged label misrepresentation regarding the place of origin. *Steinberg*, 2022 WL 220641, at *7. Numerous other courts have held the same. *See, e.g., Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675–76

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

AKERMAN LLP
601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

(E.D.N.Y. 2017) (defendant's product's imagery on its labels that evoked Australia as its place of origin were "eclipsed" by the label's disclosure that the product was manufactured in the United States); *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 252–53 (3d Cir. 2011) ("[A]ny thought a consumer might have that the words 'Havana Club' indicate the geographic origin of the rum must certainly be dispelled by the plain and explicit statements of … [the Puerto Rican] origin on the label."); *Ebner*, 838 F.3d at 965 ("Plaintiff's claim that the reasonable consumer would be deceived as to the amount of lip product in a tube of Sugar is not plausible. It is undisputed that the Sugar label discloses the correct weight of included lip product.").

Plaintiff makes a number of conclusory allegations in the Complaint, such as that "[c]onsumers do not view the back label of the Products when purchasing everyday food items such as hot sauce." Complaint, ¶ 54. Plaintiff has no personal knowledge and has alleged no specialized expertise as to what other consumers do or do not do. In fact, likely the opposite is true. Had the Plaintiff, or a reasonable consumer, been so conscious as to desire foods from certain regions, it is reasonable to view the entire label to ensure that the Product is in fact from the desired location. Ultimately, such conclusory statements in the Complaint need not be accepted as true for the purpose of the present motion. *See Sprewell, supra*, 266 F.3d at 988.

As discussed above, the front label on the Product does not include any misrepresentations as to origin. A reasonable consumer would not be misled by the brand name Texas Pete®, along with the images of a single white star and cowboy caricature. Since Garner Foods "has not committed an act of deception," the explicit statement of the location of manufacturing on the Product itself "refutes an inference that the Product's label is false, deceptive, or misleading." *Steinberg*, 2022 WL 220641, at *7 (citing *Ebner*, 838 F.3d at 966).

Given that a reasonable consumer would not be misled by the label on the

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

14

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

Product, Plaintiff is unable to plausibly allege violations of the California consumer protection statutes. As such, Plaintiff's UCL, FAL, and CRLA claims should be dismissed without leave to amend. *See Steinberg*, 2022 WL 220641, at *8. ("Because the Court concludes that further amendment would be futile, given the implausibility of her deceptive labeling claims, Steinberg is not given leave to amend.").

        B.    **Plaintiff's Complaint Should Be Dismissed for Failure to Satisfy Rule 9(b)'s Heightened Pleading Requirements**

Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff who alleges fraud "must state with particularity" the "circumstances" constituting their claim." *E.g., Kearns*, 567 F.3d at 1124. "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL," as well as to claims under the FAL. *Kearns*, 567 F.3d at 1125; *Samet v. Procter & Gamble Co.*, 2013 WL 6491143, at *4 (N.D. Cal. Dec. 10, 2013) ("where a plaintiff['s] claims under the FAL are grounded in fraud, the claims must meet Rule 9(b)'s heightened specificity requirements"). Plaintiff's FAL claim here is "grounded in fraud" in that it is "premised on [alleged] misleading representations." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 911–12 (N.D. Cal. 2020) (quotation marks and citation omitted) (dismissing FAL claim because the plaintiffs failed to satisfy Rule 9(b)). Therefore, all of Plaintiff's statutory claims are subject to Rule 9(b)'s heightened pleading standard.

While Plaintiff provides cursory allegations as to the circumstances of his purchase, the Complaint is strikingly void of perhaps the most important element – his reliance (or the "how") on Garner Foods's alleged misrepresentations. In its discussion of Plaintiff's purchase of the Product, the Complaint simply states that Plaintiff "relied on the language and images displayed on the front label of the Product, and at the time of purchase understood the Product to be a Texas product." Complaint., ¶ 20. Other than this vague statement, Plaintiff fails to allege how and why he relied on the front label

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

15

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

of the Product. This is fatal to his UCL, FAL, and CLRA claims. First, Plaintiff fails to specifically allege what language and images he relied on. Further, and most importantly, Plaintiff fails to specifically allege how and why he understood the Product to be a Texas product. Without alleging this information, Plaintiff cannot show that he relied on any alleged misrepresentations. *See Grivas v. Metagenics, Inc.*, No. SACV 15-01838-CJC (DFMx), 2018 WL 6185977, at *6-7 (C.D. Cal. Jan. 4, 2018) (dismissing the plaintiff's claims where the complaint failed to specifically allege what specific misrepresentations he alleged he saw, "how he relied upon them," and "what he understood certain alleged misrepresentations to mean").

Further, the Complaint contains a number of conclusory statements about Texas hot sauce (*e.g.,* "A hot sauce is distinctly 'Texas' if it is made in Texas, using Texas ingredients and flavor profiles" and "Texas hot sauces, on the other hand, must be either made in Texas from ingredients sourced from Texas"), consumer's purported purchasing behaviors (*e.g.*, "Consumers do not view the back label of the Products when purchasing everyday food items such as hot sauce"), and what a reasonable consumer would think (*e.g.*, "Defendant's own interpretation of the Products' labels as indicative of Texas origin indicates a probability that a significant portion of the general consuming public, acting reasonably under the circumstances, would have the same interpretation…"). Complaint, ¶¶ 32, 54, and 60. Plaintiff's conclusory allegations about facts that are crucial to the Complaint do not meet the heightened standard required by Rule 9(b). In the same vein, the Complaint concludes that the Product is not made with Texas ingredients, but fails to allege facts establishing this to be true. Complaint, ¶ 44.

Plaintiff cannot circumvent the more stringent pleading requirements of Rule 9(b). The Complaint fails to allege with specificity how and why Plaintiff relied on the alleged misrepresentations on the Product's label and what his understanding of those alleged misrepresentations was. For these reasons, the Court should dismiss Plaintiff's

16

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

UCL, FAL, and CLRA claims.

### C. Plaintiff's Claim for Breach of Warranty Should Also Be Dismissed

Plaintiff has not pled, and cannot plead, a plausible claim for breach of warranty and, as such, the Court should dismiss the claim. "To prevail on a breach of express warranty claim, a plaintiff must prove that the seller '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.'" *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1333 (C.D. Cal. 2013) (citing *Rodarte v. Philip Morris, Inc.*, 2003 WL 23341208, at *7 (C.D. Cal. June 23, 2003)). Further, to state an implied warranty claim, a plaintiff must plead that the product (1) is not fit for its ordinary purpose; or (2) "does not [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2).

### 1. Plaintiff Cannot Credibly Identify Any Promises or Affirmations of Fact on the Product's Label

Without alleging any affirmation of fact or promise, Plaintiff has not pleaded an express or implied warranty claim. "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury."" *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)). In other words, Plaintiff was required to plead exactly what the affirmation of fact or promise was and how he relied on such statements. However, Plaintiff has failed to do that here. Plaintiff's sole allegation is that Garner Foods made promises and affirmations of fact "[b]y advertising and selling the Products at issue." Complaint, ¶ 149-150. Plaintiff fails to specifically plead what these affirmations of fact or promise were and

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

17

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

how or why he relied on these statements. Without all such allegations, Plaintiff's breach of warranty claim fails. *Hadley*, 243 F. Supp. 3d at 1105-1106 (dismissing the plaintiff's breach of warranty claim relating to alleged misrepresentations on a product's label where he "failed to 'allege the exact terms of the warranty'").

Additionally, Plaintiff will be unable to remedy the deficiencies in his allegations given that the text and images on the Product's label are not affirmations of fact or promise that the Product is manufactured in Texas. While Plaintiff may have inferred from the Product's label that the Product was manufactured in Texas, a mere inference does not establish a necessary promise or affirmation of fact. For example, in *Broomfield*, the plaintiff argued that defendant's label, which included a map of breweries in Hawaii, a Hawaiian address, and invitation to visit the brewery, represented affirmations of fact or promise that the product was manufactured in Hawaii and that could support a breach of warranty claim. *Broomfield*, 2017 WL 3838453 at *10. The court, however, held that "the Hawaiian address, map and brewery invitation on the Kona beer packaging does not establish a promise sufficient to establish an express warranty..." *Id* at 11.  Accordingly, the court dismissed the plaintiff's breach of warranty claim. *Id*.

As in *Broomfield*, the text and images on the Product here do not amount to affirmations of fact or promise. The brand name Texas Pete® is a trademark that signifies the brand name, not its place of origin or description of the Product. Further, the image of a single white star and cowboy caricature are not express promises to a consumer that the Product is manufactured in Texas. Most importantly, as discussed above, the Product explicitly identifies the location of manufacturing, North Carolina, on the back label. Under these circumstances, Garner Foods has not provided any affirmations of fact or promises that the Product is manufactured in Texas. As such, Plaintiff cannot plausibly plead a cause of action for breach of express warranty.

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

Just as Plaintiff's express warranty claim fails, so too does his implied warranty claim. "When an implied warranty of merchantability cause of action is based solely on whether the product in dispute conforms to the promises or affirmations of fact on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *Hadley,* 273 F. Supp. 3d at 1096 (*citing Hendricks v. StarKist Co.,* 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)). Plaintiff's allegations are just that. The Complaint alleges only that "[c]ontrary to Defendant's warranties, the Products do not conform to the labeling and advertising." Complaint, ¶ 151. Because Plaintiff's express and implied warranty allegations are inconsistent with the Product label as reflected in the Complaint itself, the Court should dismiss Plaintiff's breach of warranty claim. *See* Compl., ¶¶ 7, 147-152.

Given that Plaintiff's allegations for breach of warranty are inconsistent with the Product label, even as it appears in the Complaint, amendment would be futile. As such, the Court should dismiss Plaintiff's breach of warranty claim without leave to amend. *See Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014) (dismissing the plaintiff's breach of warranty claim without leave to amend where amendment would be futile); *see also Pelayo v. Hyundai Motor Am., Inc.*, 2022 WL 2200414, at *12 (C.D. Cal. Mar. 2, 2022) (same).

### 2.   Plaintiff Lacks Any Privity with Garner Foods

Plaintiff's claim for breach of implied warranty further fails because Plaintiff lacks privity with Garner Foods. A plaintiff "must stand in vertical contractual privity with the defendant" for an implied warranty claim. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Courts applying California law have recognized three exceptions to the privity requirement: (1) "cases involving foodstuffs . . . where the end user is an employee of the purchaser"; (2) in express warranty cases, where the purchaser relied on representations made by a manufacturer on a label; and (3) where

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

19

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

the consumer is the intended third-party beneficiary of a contract. *Clemens*, 534 F.3d at 1023 (case relating to foodstuffs); *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1049 (Cal. 1954) (case relating to express warranties); *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1128 (C.D. Cal. 2020) (case relating to third-party beneficiary). There is no question here that the first and third exceptions do not apply here. Plaintiff does not allege that he or any class members are employees of a purchaser or intended third-party beneficiaries of a relevant contract.

The second exception for express warranty cases where the purchaser relied on representations made by a manufacturer on a label also does not apply here because, as discussed above, Garner Foods has not made any representations on the Product label that the Product is manufactured in Texas. As such, none of the exceptions apply.

Plaintiff is not in privity with Garner Foods given that Plaintiff alleges he purchased the Product from a third-party retailer. Complaint, ¶ 20. This lack of privity is fatal to Plaintiff's claim for breach of warranty and amendment would be futile. *Viggiano v. Johnson & Johnson*, 2015 WL 12860480, at *6 (C.D. Cal. June 12, 2015) (dismissing the plaintiff's breach of implied warranty without leave to amend given that plaintiff could not plausibly allege privity). Thus, this claim should be dismissed without leave to amend.

### D.    **Plaintiff's Unjust Enrichment Claim is Legally Insufficient**

Plaintiff's unjust enrichment claim should also be dismissed. Under California law, "[a]n unjust enrichment claim requires the allegation of the 'receipt of benefit and [the] unjust retention of the benefit at the expense of others.'" *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 770 (N.D. Cal. 2010) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). But "the remedy for unjust enrichment applies only in the absence of an adequate remedy at law." *Id*. However, as the Complaint makes clear, there is an adequate remedy at law here. Specifically, Plaintiff

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

20

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

seeks monetary damages and disgorgement for his UCL, FAL, CLRA, and breach of warranty claims. Complaint, ¶¶ 122, 129, 144, and 152. Further, Plaintiff also seeks punitive damages relating to his FAL and CLRA claims. *Id.* at ¶¶ 130, 146. Given the availability of these remedies at law, Plaintiff's unjust enrichment claim must be dismissed. *See Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020) (dismissing the plaintiff's claim for equitable relief where the plaintiff failed to establish a lack of adequate remedies for her UCL and CLRA claims).

In addition, Plaintiff's unjust enrichment claim should also be dismissed as duplicative of his UCL, FAL, and CLRA claims. In a class action lawsuit relating to product labeling, such as this one, "plaintiffs may only recover restitutionary damages, which would be the price premium attributable to the offending labels, and no more." *Ivie v. Kraft Foods Glob., Inc.,* 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015). "Because such a remedy is available under the UCL, FAL, and CLRA, the unjust enrichment claim [is] duplicative" and should be dismissed. *Id.*; *see also Lanovaz v. Twinings N. Am., Inc.,* 2015 WL 3627015, at *5 (N.D. Cal. June 10, 2015) (dismissing the plaintiff's unjust enrichment claim because "the damages plaintiff now seeks— profits from the mislabeling—are damages available under the consumer protection statutes"). As Plaintiff's argument that there are varying statutes of limitations for its causes of action (Complaint, ¶ 71) asserts that equitable relief may be permitted under the UCL, then by Plaintiff's own admission, he will have an adequate remedy under at least one of the California consumer protection statutes.

Given that the allegations and damages that Plaintiff seeks for unjust enrichment and the UCL, FAL, and CLRA claims are identical, the Court should dismiss Plaintiff's unjust enrichment claim without leave to amend.

### E.   Plaintiff Lacks Standing to Seek Injunctive Relief

Given that Plaintiff has full knowledge and understanding as to the place of origin

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

21

for the Product, Plaintiff lacks standing to seek injunctive relief. "Standing to bring a [class action] damages claim does not necessarily imply standing to seek injunctive relief." *Lanovaz v. Twinings N. Am., Inc.*, 2014 WL 46822, at *9 (N.D. Cal. Jan. 6, 2014). "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). Plaintiff, therefore, bears the burden of "demonstrat[ing] that he has suffered or is threatened with a concrete and particularized legal harm" and that there exists "a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quotation marks and citation omitted). However, "[c]onsumers who were misled by deceptive food labels lack standing for injunctive relief because there is 'no danger that they will be misled in the future.'" *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014) (quoting *Garrison v. Whole Foods Mkt. Grp., Inc.*, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014)) (dismissing for lack of standing claim for injunctive relief).

The Complaint admits that Plaintiff is now aware that the Product is manufactured in North Carolina. Complaint, ¶ 43. Despite Plaintiff's claims of future harm, California case law restricts his ability to seek injunctive relief given his current understanding of the actual place of manufacturing the Product. In fact, the Northern District recently dismissed a claim for injunctive relief for a plaintiff represented by Plaintiff's counsel, the Clarkson Law Firm, given the plaintiff's awareness of the place of manufacturing. *Matthew Sinatro, et al. v. Barilla America, Inc.,* 2022 WL 10128276, at *10 (N.D. Cal. Oct. 17, 2022). Despite the plaintiffs' arguments that they had plausibly pled a claim for injunctive relief relating to alleged misrepresentation on a product's label, the court held that the plaintiffs "cannot reasonably claim that they will be deceived by the challenged representation now that they know where the products

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

22

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

66850306;5

1  are manufactured." *Id.* Since the plaintiffs were aware of the place of manufacturing,

2  the court held that the plaintiffs would be unable to establish a real and immediate threat

3  of repeated injury sufficient to establish Article III standing to assert a claim for

4  injunctive relief. *Id*. The same is true here.

5       Ultimately, Plaintiff has not plausibly pled (and cannot plead) that there remains

6  any real or immediate threat of repeated injury and, as such, the Court should dismiss

7  Plaintiff's claim for injunctive relief without leave to amend.

8  **V.      CONCLUSION**

9       For the foregoing reasons, Garner Foods respectfully requests that the Court grant

10  the Motion and dismiss the Complaint, and each of the claims asserted therein, without

11  leave to amend.

12

13  DATED: November 10, 2022                **AKERMAN LLP**

14

15                    By: */s/ Caroline H. Mankey*

16                       Caroline H. Mankey

                     Christopher N. McAndrew

17                       Attorneys for Defendant

                     T.W. GARNER FOOD CO.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT T.W. GARNER FOOD CO.'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

*AKERMAN LLP*
*601 WEST FIFTH  STREET SUITE 300*
*LOS ANGELES, CALIFORNIA 90071*
*TEL.: (213) 688-9500 – FAX: (213) 627-6342*

66850306;5