**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
Alan Gudino (SBN 326738)
agudino@clarksonlawfirm.com
Ryan D. Ardi (SBN 348738)
rardi@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel.: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T.W. GARNER FOOD CO., a North Carolina corporation,<br><br>Defendant. | Case No. 2:22-cv-06503-MEMF (SKx)<br><br><u>CLASS ACTION</u><br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Hrg. Date:  December 21, 2023<br>Hrg. Time:  10:00 a.m.<br>Courtroom:  8B<br><br>Case Filed:  September 12, 2022 |

Phillip White ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his counsel, hereby submits the following memorandum of points and authorities in support of Plaintiff's Motion to Dismiss.

# **TABLE OF CONTENTS**

**Page No.**

I.   INTRODUCTION ........................................................................................ 1

II.  PROCEDURAL BACKGROUND .............................................................. 1

III. DISMISSAL IS APPROPRIATE UNDER RULE 41(a) ............................. 2

    A.   Dismissal Should Be Allowed Because Defendant Cannot Demonstrate It Will Suffer Plain Legal Prejudice .......................................................... 3

    B.   Dismissal Should Be Without Prejudice ................................................. 5

    C.   No Terms and Conditions Should be Imposed ........................................ 7

IV.  PLAINTIFF SEEKS VOLUNTARY DISMISSAL TO STOP DEFENDANT'S HARASSMENT .................................................................. 8

V.   CONCLUSION .......................................................................................... 14

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

## TABLE OF AUTHORITIES

**Page No.**

*Am. Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1988)..................................................................... 13

*Arteris S.A.S. v. Sonics, Inc.*,
No. C12-0434 SBA,
2013 WL 3052903 (N.D. Cal. June 17, 2013)......................................... 5

*Bader v. Elecs. for Imaging, Inc.*,
195 F.R.D. 659 (N.D. Cal. 2000) ..................................................... 3

*Burnette v. Godshall*,
828 F. Supp. 1439 (N.D. Cal. 1993 ................................................... 5

*Callwave Commc'ns, LLC v. Wavemarket, Inc.*,
No. C 14-80112 JSW (LB),
2014 WL 2918218 (N.D. Cal. June 26, 2014) ....................................... 10

*Canandaigua Wine Co. v. Moldauer*,
No. 1:02-CV-06599-OWW-DLB,
2009 WL 1575176 (E.D. Cal. June 3, 2009) ......................................... 7

*Chang v. Pomeroy*,
No. CIV S-08-0657,
2011 WL 618192 (E.D. Cal. Feb. 10, 2011) ......................................... 3

*Clevenger v. Welch Foods Inc.*,
342 F.R.D. 446 (C.D. Cal. 2022)..................................................... 12

*Clevenger v. Welch Foods Inc.*,
No. SACV 20-01859-CJC (JDEx),
2023 U.S. Dist. LEXIS 96684 (C.D. Cal. May 30, 2023)............................ 7

*Corbett v. Pharmacare U.S., Inc.*,
No. 21CV137-GPC(AGS),
2022 WL 2835847 (S.D. Cal. July 20, 2022) ........................................ 5

*DeNicolo v. Hertz Corp.*,
2021 WL 1176534 (N.D. Cal. Mar. 29, 2021) ....................................... 12

*Drimmer v. WD-40 Co.*,
343 Fed. App'x 219 (9th Cir. 2009) ................................................. 11

*Hana Fin., Inc. v. Most Off. 7, Inc.*,
No. CV 15-372-MWF(JEMX),
2015 WL 13357671 (C.D. Cal. July 9, 2015) ..................................... 6, 7

*Hepp v. Conoco, Inc.*,
97 F. App'x 124 (9th Cir. 2004)...................................................... 3

*Houston v. Cintas Corp.*,
No. C 05-3145 JSW,
2009 WL 921627 (N.D. Cal. Apr. 3, 2009)........................................... 13

iii

*Kesler v. Ikea U.S., Inc.*,
  2008 WL 413268 (C.D. Cal. Feb. 4, 2008) .................................................. 12

*Melgar v. Zicam LLC*,
  No. 2:14-cv-00160-MCE-AC,
  2016 WL 1267870 (N.D. Cal. Mar. 31, 2016) ......................................... 12

*Murphy v. Peter Spennato DDS Inc.*,
  No. SACV1300015JVSJPRX,
  2013 WL 12130010 (C.D. Cal. Dec. 30, 2013).......................................... 3

*Nidec Corp. v. Victor Co. of Japan*,
  249 F.R.D. 575 (N.D. Cal. 2007) ............................................................... 10

*Opperman v. Path, Inc.*,
  No. 13-cv-00453-JST,
  2015 U.S. Dist. LEXIS 171564 (N.D. Cal. Dec. 22, 2015) .............................. 3, 7

*Pelletier v. United States*,
  No. 20-cv-1805-GPC-DEB,
  2021 U.S. Dist. LEXIS 128486 (S.D. Cal. July 8, 2021)............................... 7

*Revolution Eyewear, Inc. v. Aspex Eyewear Inc.*,
  No. CV 03-5965 PSG (MANx),
  2007 U.S. Dist. LEXIS 98687 (C.D. Cal. Sep. 26, 2007) ............................. 5

*Ries v. Arizona Beverages USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) ............................................................... 12

*Sacchi v. Levy*,
  No. CV1408005MMMFFMX,
  2015 WL 12765637 (C.D. Cal. Oct. 30, 2015) ......................................... 4

*Self v. Equinox Holdings, Inc.*,
  No. CV 14-04241 MMM (AJWx),
  2015 U.S. Dist. LEXIS 191606 (C.D. Cal. Jan. 5, 2015).............................. 2, 7

*Sherman v. Yahoo! Inc.*,
  No. 13CV0041-GPC-WVG,
  2015 WL 473270 (S.D. Cal. Feb. 5, 2015) ............................................... 6, 7

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) ...................................................................... 3

*Soto v. Castlerock Farming and Transport, Inc.*,
  282 F.R.D. 492 (E.D. Cal. 2012)................................................................ 10

*Stubbs v. Teleflora, LLC*,
  No. CV13-3279 ODW (CWx),
  2014 U.S. Dist. LEXIS 81658 (C.D. Cal. June 16, 2014).......................... 4

*Westlands Water Dist. v. United States*,
  100 F.3d 94 (9th Cir. 1996) ....................................................................... 3

<div style="writing-mode: vertical">Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265</div>

iv
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS

*White v. The Kroger Co., et al.,*
   No. 3:21-cv-08004-RS (N.D. Cal.) .................................................. 8, 9, 11

*Williams v. Peralta Cmty. Coll. Dist.,*
   227 F.R.D. 538 (N.D. Cal. 2005) ........................................................ 3, 4

*World Trading 23 v. EDO Trading, Inc.,*
   No. 2:12-CV-10886ODWP(JWX),
   2013 WL 12134187 (C.D. Cal. Nov. 14, 2013) ..................................... 4

**<u>Federal Statutes</u>**

Fed. R. Civ. P. 26(f) .................................................................... 1, 6, 7

Fed. R. Civ. P. 41(a)(2) ................................................................ *passim*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS

## I.   **INTRODUCTION**

Plaintiff respectfully moves to voluntarily dismiss this action without prejudice or conditions, pursuant to Federal Rule of Civil Procedure 41(a)(2). This relief is proper for several reasons. First, there would be no plain legal prejudice to Defendant T.W. Garner Food Co., ("Defendant"), as the requested relief would dispose of the case entirely, resolving all issues and claims and leaving no lingering issues to address. Second, at this early stage of the litigation, there has been no meaningful trial preparation, but only a pleadings challenge, some written discovery, and subpoenas served just two weeks ago by Defendant. Still, Plaintiff has litigated the case diligently by propounding written discovery immediately after the Court denied Defendant's motion to dismiss in its entirety, and almost two months ahead of the parties' Rule 26(f) conference. This diligence supports the requested relief. Third, and critically, Plaintiff has been compelled to seek dismissal due to the harassment he and his friends have experienced in connection with Defendant's discovery efforts, including unfounded and personally defamatory accusations inexplicably lodged in an *initial case management statement* by Defendant with zero evidentiary basis. Finally, no basis exists to impose conditions on dismissal, as there have been no merits motions, and the Court has yet to enter a case schedule. Accordingly, Plaintiff's request for voluntary dismissal under Rule 41(a)(2) should be granted unconditionally and without prejudice.

## II.   **PROCEDURAL BACKGROUND**

On September 12, 2022, Plaintiff filed this false advertising class action against Defendant for deceptively creating the false impression that its Texas Pete hot sauce products (the "Products"[1]) are made in Texas when the reality is they are neither made in Texas nor with ingredients sourced there, but instead are made entirely in a factory in North Carolina. (Dkt. 1 ¶ 4). Plaintiff seeks relief under California consumer

---

[1] The three Products at issue include: (1) Texas Pete Original Hot Sauce, (2) Texas Pete Hotter Hot Sauce, and (3) Texas Pete Roasted Garlic Hot Sauce. (Dkt. 1 ¶ 15).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

protection statutes and common law on behalf of a nationwide class and a subclass of California consumers. (*Id.*)

On November 10, 2022, Defendant filed a motion to dismiss the operative complaint. (Dkt. 12). The parties fully briefed the motion on April 6, 2023 (Dkt. 20), and the Court denied the motion in its entirety on July 31, 2023 (Dkt. 28). Three days later, Plaintiff propounded written discovery on Defendant, and then granted an extension for Defendant to provide its responses by October 5, 2023. (Declaration of Bahar Sodaify, "Sodaify Decl." ¶ 2). On August 14, 2023, Defendant filed its answer to the operative complaint. (Dkt. 29). That same day, the Court set the case management conference for October 5, 2023. (Dkt. 32). On September 12, 2023, Defendant served written discovery on Plaintiff, and it issued deposition and document subpoenas on two non-parties on September 15, 2023. (Sodaify Decl. ¶ 2). On September 18, 2023, Plaintiff addressed the subpoenas issued on the non-parties in an email to Defendant and requested a meet and confer call pursuant to Local Rule 7-3 with Defendant regarding Plaintiff's prospective motions, including this motion to dismiss. (*Id.*) The next day, Plaintiff and Defendant met and conferred pursuant to L.R. 7-3 to discuss in part Plaintiff's motion to dismiss. (*Id.*)  Subsequently, Plaintiff formally objected via letter to Defendant's third-party deposition and document subpoenas. (*Id.*) On September 21, 2023, the parties filed their joint case management statement. (*Id.*; Dkt. 40).

## III.   <u>DISMISSAL IS APPROPRIATE UNDER RULE 41(a)</u>

According to Federal Rule of Civil Procedure 41(a), after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In resolving a motion for voluntary dismissal under Rule 41(a)(2), courts make three determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See id.*; *Self v. Equinox Holdings, Inc.*, No. CV

14-04241 MMM (AJWx), 2015 U.S. Dist. LEXIS 191606, at *11 (C.D. Cal. Jan. 5, 2015); *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Dismissal under Rule 41(a)(2) is to be liberally granted. *Murphy v. Peter Spennato DDS Inc.*, No. SACV1300015JVSJPRX, 2013 WL 12130010, at *1 (C.D. Cal. Dec. 30, 2013).

### A.    Dismissal Should Be Allowed Because Defendant Cannot Demonstrate It Will Suffer Plain Legal Prejudice

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Hepp v. Conoco, Inc.*, 97 F. App'x 124, 125 (9th Cir. 2004) ("A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal."); *Chang v. Pomeroy*, No. CIV S-08-0657, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (same); *Bader v. Elecs. for Imaging, Inc.*, 195 F.R.D. 659, 662 (N.D. Cal. 2000) (same). The burden is on Defendant to establish legal prejudice. *Murphy*, 2013 WL 12130010, at *1 ("Defendants have not identified the type of legal prejudice that precludes Plaintiffs' voluntary dismissal of their claims").

Dismissal here would not result in plain legal prejudice to Defendant. Typically, plain legal prejudice includes "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Westlands Water Dist.*, 100 F.3d 94, 97 (9th Cir. 1996). None of those apply. This circuit has also found legal prejudice when the dismissal of a party would render remaining parties unable to conduct sufficient discovery to defend themselves. *Id.* But that does not apply here either because Plaintiff's request for voluntary dismissal will dispose of the entire case. *Cf. Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 U.S. Dist. LEXIS 171564, at *13 (N.D. Cal. Dec. 22, 2015) (granting dismissal without prejudice on condition that

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

plaintiff answer discovery as the case would continue with remaining parties and claims).

Even if Plaintiff were to refile the case, which he will *not* for the reasons discussed below, that would not amount to legal prejudice to Defendant; nor would having to defend the same claims in the future. Instead, as courts in this District have explained, "[l]egal prejudice 'does not result merely because a defendant will be inconvenienced by potentially having to defend the action in another forum or because the dispute will remain unsolved.'" *Stubbs v. Teleflora, LLC*, No. CV13-3279 ODW (CWx), 2014 U.S. Dist. LEXIS 81658, at *3 (C.D. Cal. June 16, 2014) (internal quotations omitted); *see Sacchi v. Levy*, No. CV1408005MMMFFMX, 2015 WL 12765637, at *3 (C.D. Cal. Oct. 30, 2015) (granting dismissal without prejudice, indicating that, among other reasons, "the prospect of a subsequent suit on the same facts is insufficient to establish legal prejudice.") (internal quotation and citation omitted).

Furthermore, this case is only 12 months old, and discovery is at its inception. Plaintiff propounded a first set of discovery on August 3, 2023, which based on an agreed upon extension, Defendant is expected to respond to by October 5, 2023. (Sodaify Decl. ¶ 2). And just recently, on September 12, 2023, Defendant propounded its first set of written discovery on Plaintiff. (*Id.*) Defendant then served document and deposition subpoenas on non-party witnesses on September 15, 2023. (*Id.*) Discovery is therefore at its preliminary stage, and in the context of a complex class action such as this one, Defendant cannot say it has yet engaged in an exhaustive or costly discovery effort that could be jeopardized by a dismissal. *See World Trading 23 v. EDO Trading, Inc.*, No. 2:12-CV-10886ODWP(JWX), 2013 WL 12134187, at *4 (C.D. Cal. Nov. 14, 2013) (dismissing without prejudice even though defendants incurred attorneys' fees, as no depositions had been taken, and discovery requests had merely been exchanged, and no responses provided); *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (granting dismissal under Rule 41(a)(2)

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

without prejudice, despite the case having been ongoing for two years, because "the suit has not progressed" far enough to warrant prejudice when, for example, plaintiff sought "dismissal even before the initial disclosures are due.").

**B.    Dismissal Should Be Without Prejudice**

Federal Rule of Civil Procedure 41(a)(2) provides that, unless otherwise specified in the court's order, the dismissal of a case is without prejudice. Fed. R. Civ. P. 41(a)(2). Factors relevant in determining whether the dismissal should be with or without prejudice include: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993).

All the factors favor dismissal without prejudice here. To begin, Defendant has not incurred significant expense or efforts in preparing for trial as the case is in its early stages. To date, the parties have only fully briefed Defendant's unsuccessful motion to dismiss (Dkt. 28), they have exchanged written discovery requests (though no responses have been provided), and they have submitted a joint case management statement (Dkt. 40; Sodaify Decl. ¶ 2). These are precisely the types of preliminary, non-trial preparation activities that courts conclude weigh in favor of voluntary dismissal *without* prejudice. *See, e.g., Corbett v. Pharmacare U.S., Inc.*, No. 21CV137-GPC(AGS), 2022 WL 2835847, at *5 (S.D. Cal. July 20, 2022) (dismissing case *without* prejudice where pleadings challenges had occurred, because such challenges "do not concern Defendant's efforts and expense in preparing for trial."); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, No. CV 03-5965 PSG (MANx), 2007 U.S. Dist. LEXIS 98687, at *8 (C.D. Cal. Sep. 26, 2007) (granting a dismissal *without* prejudice under Rule 41(a) even when defendants argued they spent resources preparing for trial after filing a motion for summary judgment); *see also Arteris S.A.S. v. Sonics, Inc.*, No. C12-0434 SBA, 2013 WL 3052903, at *4 (N.D. Cal. June 17, 2013) (holding dismissal *without* prejudice appropriate even though defendants

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS

served and responded to numerous discovery requests, retained experts, traveled to Europe to depose witnesses, and spent hundreds of dollars preparing for trial, because there "ha[d] not been significant progress in the case").

As to the second factor, there has been no excessive delay or lack of diligence on Plaintiff's part in prosecuting this case. Instead, the opposite is true: Plaintiff served Defendant with written discovery only three days after the Court entered its order denying Defendant's motion to dismiss and almost two months before the parties held their Rule 26(f) conference. (Sodaify Decl. ¶ 2); *see Hana Fin., Inc. v. Most Off. 7, Inc.*, No. CV 15-372-MWF(JEMX), 2015 WL 13357671, at *3 (C.D. Cal. July 9, 2015) (dismissing without prejudice where defendant has invested only limited effort and expense in litigating this case, which is still within its first year, plaintiff did not delay in prosecuting the action, and plaintiff provided a sound explanation for dismissal).

Finally, Plaintiff has good reason to justify his desire to dismiss this case voluntarily without prejudice. As explained in greater detail below, Plaintiff has been subjected to harassment in this litigation, stemming from Defendant's speculative claim that Plaintiff has engaged in an illegal capper arrangement with his counsel. (Declaration of Plaintiff Phillip White, "White Decl." ¶¶ 4-8). This unsupported contention has led Defendant to engage in harassing and dangerous behavior toward an employee of Clarkson Law Firm as well as Plaintiff's friends who have no connection to this case. Defendant even lodged this serious charge publicly in an *initial case management statement*, in an effort to defame and embarrass Plaintiff, without any evidence. (Dkt. 40 at 5:19–6:9). Plaintiff's basis is thus not only adequate but completely understandable. (White Decl. ¶¶ 4-8). And it serves as a valid and sufficient basis to find dismissal without prejudice appropriate, especially when courts have found sufficient bases for dismissal in varied, yet far less egregious situations. *See, e.g.*, *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *5 (S.D. Cal. Feb. 5, 2015) (granting dismissal without prejudice even

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

6

where plaintiff only offered only a "vague explanation for the dismissal—'personal circumstances and time constraints.'"); *Canandaigua Wine Co. v. Moldauer*, No. 1:02-CV-06599-OWW-DLB, 2009 WL 1575176, at *5 (E.D. Cal. June 3, 2009) (finding plaintiff's explanation adequate where he was not interested in pursuing relief that would not likely lead to a financially desirable outcome); *Self*, 2015 U.S. Dist. LEXIS 191606, at *13 (finding the "explanation for seeking dismissal [sufficient where plaintiff] wishes to proceed against defendants and Gannon in the same action"); *Hana Fin., Inc.*, 2015 WL 13357671, at *3 (dismissing without prejudice where plaintiff provided a sound explanation for dismissal: "namely, that the Defendant company does not appear to be in business.").

### C.   No Terms and Conditions Should be Imposed

Under Rule 41(a), a court may dismiss a case on terms it considers proper. Fed. R. Civ. P. 41(a)(2). However, "[a] court may, but need not, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." *Sherman*, 2015 WL 473270, at *7.

No terms or conditions should be imposed here. The discovery phase is in its infancy, no discovery or case deadlines have been set, and no responses to discovery would provide value to Defendant—especially when Plaintiff seeks to dismiss the case in its entirety. *See Pelletier v. United States*, No. 20-cv-1805-GPC-DEB, 2021 U.S. Dist. LEXIS 128486, at *7 (S.D. Cal. July 8, 2021) (granting a dismissal without prejudice and without conditions after a motion to dismiss was filed, because the case was "in its early stages"); *cf. Opperman*, 2015 U.S. Dist. LEXIS 171564, at *13 (granting dismissal on condition that plaintiff answer discovery already propounded as the case would continue with remaining parties and claims).

Further, although Defendant indicated in its Rule 26(f) report that it anticipated filing a motion to compel two non-parties witnesses to comply with its deposition and document subpoenas (Dkt. 40 at 12:12-16), an anticipatory discovery motion is insufficient to warrant the imposition of any conditions on the dismissal. *See*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

*Clevenger v. Welch Foods Inc.*, No. SACV 20-01859-CJC (JDEx), 2023 U.S. Dist. LEXIS 96684, at *7 (C.D. Cal. May 30, 2023) ("Defendants cannot wrest legal prejudice from dismissal simply by announcing their intention to file a motion for summary judgment."). Accordingly, the dismissal here should be granted with no terms or conditions attached.

## IV.  PLAINTIFF SEEKS VOLUNTARY DISMISSAL TO STOP DEFENDANT'S HARASSMENT

Plaintiff wishes to voluntarily dismiss this action without prejudice as a result of Defendant's persistent and escalating harassment and intimidation based on meritless speculation that Plaintiff was purportedly recruited to bring this case against Defendant by Plaintiff's counsel "as a result of an illegal capper arrangement." (White Decl. ¶ 6).

Defendant's baseless accusations are predicated entirely on an unrelated case that Plaintiff filed in a different court against a different defendant, *White v. The Kroger Co., et al.*, No. 3:21-cv-08004-RS (N.D. Cal.) ("*Kroger*"), that has been dismissed. (*See* Dkt. 40 at 5:19–6:9). On October 12, 2021, Plaintiff filed *Kroger*. (White Decl. ¶ 2). Kroger in turn unjustifiably hired private investigators to surveil and intrude upon the privacy of third parties. (*Id.*) These investigators were dispatched to personally serve or attempt to serve deposition and document subpoenas at the homes and workplaces of individuals Daniel O'Brien and Christopher O'Brien, as well as other family members of the O'Briens and additional friends of Plaintiff. (*Id.*) Ultimately, Plaintiff was forced to file a motion to dismiss his case to stop defense counsel's harassment. (*Id.*) The court later granted Plaintiff's motion, making no finding of an illegal arrangement that Defendant accuses Plaintiff and his counsel of engaging in, or wrongdoing of any kind. *See White v. Kroger Co.*, No. 21-cv-08004-RS, 2023 U.S. Dist. LEXIS 110812 (N.D. Cal. June 27, 2023). Still, Defendant here elected to mislead the Court by suggesting falsely that its speculative claims were somehow substantiated in *Kroger*. (Dkt. 40 at 5:22-26).

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

In a calculated effort to exact the very same intimidation and harassment in *Kroger*, Defendant deployed private investigators to personally serve Daniel O'Brien and Christopher O'Brien, as well as stake out and follow Daniel O'Brien's wife, Lauren E. Anderson. (Declaration of Lauren E. Anderson, "Anderson Decl." ¶ 5). On September 15, 2023, Defendant's private investigator went to Daniel O'Brien's home in the middle of the workday and aggressively knocked on the front door in a disruptive manner that interrupted an important work meeting in which he was presenting. (*Id.*) That same day, Defendant's private investigator went to Clarkson Law Firm's (CLF) office to photograph CLF employees' personal vehicles, which were parked in a restricted, gated lot, including Ms. Anderson's vehicle. (*Id.*) Ms. Anderson, who was working in the office at the time, saw the investigator gaining a vantage point and taking photos of the vehicles over the wall; when he realized he had been spotted, he hastily departed the premises. (*Id.*) After Ms. Anderson left CLF's office, Defendant's investigator followed her recklessly and closely on her commute home in a manner that made her feel unsafe. (*Id.*) The combination of being stalked at her workplace and then tailgated on her way home reasonably caused Ms. Anderson distress. (*Id.*) Upon arriving home, the investigator was waiting in his car, parked outside Ms. Anderson's house. (*Id.*) Ms. Anderson approached the investigator and inquired why he was following her. (*Id.*) He identified himself as a "former FBI agent" and that he was there to serve Ms. Anderson's husband with a subpoena. (*Id.*) Ms. Anderson went into her house, retrieved her husband, and brought him outside to the investigator who then personally served Daniel O'Brien with a deposition subpoena in connection with this case. (*Id.*) Also on September 15, 2023, Defendant's private investigator personally served Daniel's father Christopher O'Brien at his private residence. (*Id.*)

Further, the subpoenas seek wholly irrelevant, privileged, and unduly burdensome documents, including, for example, the O'Briens' private communications with their wife and daughter-in-law Ms. Anderson; the O'Briens'

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

communications with any employee at CLF (which totals more than 100 different employees); the O'Briens' communications with any client of CLF (which totals several thousand individuals); any communication the O'Briens received or posted on public websites at any time related to Defendant; and the list of all attendees at Ms. Anderson and Daniel O'Brien's wedding ceremony and reception. Defendant insists that the O'Briens' testimonies and documents are relevant to determine whether Plaintiff is participating in this action as a result of an illegal capper arrangement, however, Defendant has failed to provide any evidentiary basis supporting its allegations and would not be able to because no such arrangement exists. (Dkt. 40 at 12:10-11; White Decl. ¶¶ 4-8; Declaration of Ryan J. Clarkson, "Clarkson Decl." ¶¶ 3-5; Sodaify Decl. ¶¶ 5-7; Anderson Decl. ¶¶ 3-5). Instead, Defendant relies solely on the unsubstantiated accusations made by other counsel in another case without any evidence.

Yet Defendant has taken zero steps to obtain the information it seeks in good faith. It has not attempted to depose Plaintiff to obtain any testimony from him whatsoever, and it has not even noticed Plaintiff's deposition. (Sodaify Decl. ¶ 2); *see also Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2014 WL 2918218, at *4 (N.D. Cal. June 26, 2014) ("[C]ourts generally hold that where an opposing party and a non-party both possess documents, the documents should be sought from the party to the case."); *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("Where plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party."); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing a non-party subpoena duces tecum where the discovery sought was "obtainable from a source more direct, convenient, and less burdensome [than the non-party]—namely, from Defendants.").

//

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1  Instead, Defendant is simply imitating the harassing tactics and strategies

2  employed by the defense counsel in *Kroger*, regurgitating false accusations against

3  Plaintiff, his counsel, and their friends and families. Just as these same intimidation

4  tactics were designed to evoke psychological intimidation in *Kroger*, here Defendant

5  is aiming to persecute Plaintiff to the point he abandons his pursuit to hold Defendant

6  accountable for its deceptive and misleading practices.

7  Specifically, Defendant has targeted individuals unrelated to this lawsuit

8  merely because of their tenuous relation to Plaintiff. Neither Daniel O'Brien nor

9  Christopher O'Brien has ever discussed this case with Plaintiff prior to being served

10  with subpoenas; they have never previously discussed Plaintiff's purchase of the

11  Product; they have never and will never receive any sort of consideration in

12  connection with this case; and they have never given or promised Plaintiff any sort of

13  consideration in connection with this case. (White Decl. ¶¶ 4, 7). Further, Defendant

14  has not based its abusive behavior off any actual evidence that Plaintiff and his

15  counsel of record have any sort of friendship, familial relationship, or financial

16  relationship outside of their attorney-client relationship. Nor can it. As confirmed

17  under oath, Ryan Clarkson and Bahar Sodaify do not have a familial, social, or

18  financial relationship with Plaintiff aside from their attorney-client relationship

19  embodied in their retainer agreement. (Clarkson Decl. ¶ 5; Sodaify Decl. ¶ 7; White

20  Decl. ¶ 5).

21  Courts have recognized that a pre-existing social relationship *coupled with* a

22  financial relationship, or a familial relationship, may pose a conflict of interest in

23  the class action setting. *Drimmer v. WD-40 Co.*, 343 Fed. App'x 219, 221 (9th Cir. 2009)

24  (affirming disqualification of plaintiff due to "the combination of a personal

25  relationship [and] landlord-tenant relationship" between plaintiff and class counsel,

26  in addition to the plaintiff's "inexplicable disinterest in pursing all remedies available

27  to him"). However, people naturally reach out to lawyers they know when seeking

28  legal representation. That is why courts in this circuit recognize that a friendship alone

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

is no reason to presume a conflict of interest or improper solicitation, or to otherwise disqualify a class representative or their counsel. For example, in *Kesler v. Ikea U.S., Inc.*, the court found plaintiff adequate even though she had known class counsel since fourth grade, attended high school with her, saw her on a regular basis, and was a bridesmaid in her wedding. 2008 WL 413268, at *5-6 (C.D. Cal. Feb. 4, 2008). Likewise, in *DeNicolo v. Hertz Corp.*, the court found that plaintiff was adequate, notwithstanding the fact he and his attorney are neighbors and "close friend[s]," their kids go to school together, they do block parties and dinners together, they borrow tools from one another, they have been in each other's homes, and they go out to dinner and drinks together. 2021 WL 1176534, at *5-6 (N.D. Cal. Mar. 29, 2021). The court explained that as it "and others have previously found, in the absence of some evidence to indicate that a friendship between the class representative and one of his attorneys would create a conflict of interest, the court will not presume one." *Id*. Other courts are in accord. *See, e.g.*, *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 540 (N.D. Cal. 2012) (rejecting "defendants attempt to insinuate that the supposed friendship between plaintiffs' counsel and the named plaintiffs creates a conflict with respect to absent class members."); *Melgar v. Zicam LLC*, No. 2:14-cv-00160-MCE-AC, 2016 WL 1267870, at *4 (N.D. Cal. Mar. 31, 2016) ("[A]s to the 'close relationship' between Plaintiff and one of the attorneys representing her, such a relationship could arguably enhance the quality of the representation that class counsel provides (and best further the interest of the class); *Clevenger v. Welch Foods Inc.*, 342 F.R.D. 446, 457 (C.D. Cal. 2022) (finding a "close personal relationships with class counsel . . . . does not render Plaintiffs inadequate class representatives").

Indeed, Plaintiff's counsel has been unable to find a single case in which a court found a friendship between a class representative and an employee at the same firm as class counsel, alone, creates any sort of conflict of interest—much less a basis for Defendant to charge publicly the friendship is an "illegal capper arrangement," with zero evidence at the outset of discovery. (Sodaify Decl. ¶¶ 3, 6; Dkt. 40 at 5, 10-12).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

In the end, Defendant has successfully intimidated Plaintiff into dismissing this action through its deliberate use of subpoenas to harass Plaintiff, his friends, his counsel, and his counsel's family members, and by leveraging the public nature of legal proceedings to defame him publicly in an initial case management statement with speculative and unfounded charges. (White Decl. ¶¶ 4, 6, 8). Defendant's behavior is unacceptable. The aforementioned events leave Plaintiff feeling understandably uncomfortable, and wanting to voluntarily dismissing this action as a result of Defendant's abhorrent behavior. (*Id*. ¶ 6). As such, Plaintiff reluctantly believes the only course of action that will save him and any other individuals Defendant may later choose to harass is to dismiss this action without prejudice. (*Id*. ¶¶ 6, 8).

Finally, dismissal will not prejudice any putative class members because: (1) no class was certified; (2) no notice of this action was sent to any putative class members; (3) Plaintiff's counsel is not aware of any putative class members who are relying on the pendency of this case; and (4) the statute of limitations for any claims by putative class members has been tolled during the pendency of this action, so that when dismissal is entered, the putative class members will be in the same position they were the day before the instant action was filed. (Sodaify Decl. ¶ 4); *see also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-54 (1988) (class action tolled the applicable statute of limitations for the individual members of the class). Where, as here, the parties do not seek dismissal of the class members' claims with prejudice, "they are not impacting the rights of potential class members." *Houston v. Cintas Corp.*, No. C 05-3145 JSW, 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009).

//
//
//
//
//

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## V. CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's motion to dismiss this case without prejudice.

DATED: September 28, 2023              Respectfully submitted,

                                       **CLARKSON LAW FIRM, P.C.**

                                       By:  _/s/ Bahar Sodaify_
                                            Ryan J. Clarkson, Esq.
                                            Bahar Sodaify, Esq.
                                            Alan Gudino, Esq.
                                            Ryan D. Ardi, Esq.

                                            _Attorneys for Plaintiff_

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS